JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 12-1051 AG (PLAx)** | Date | July 5, 2012 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A. v. TONY GUY | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

**Proceedings:**     **[IN CHAMBERS] ORDER REMANDING CASE**

For the reasons that follow, this case is REMANDED to the California Superior Court, County of Orange.

Plaintiff Bank of America, N.A. ("Plaintiff") filed a Complaint for unlawful detainer against Defendant Tony Guy ("Defendant") in state court, seeking to evict Defendant from foreclosed property ("Property") and requesting related damages.

Defendant now files a Notice of Removal ("Notice") to remove the unlawful detainer action to this Court. Defendant claims that this Court has federal question jurisdiction over this case under the "Protecting Tenants at Foreclosure Act of 2009" ("PTFA"), Pub. L. No. 111–22, § 702, 123 Stat. 1660 (2009). Defendant argues that the PFTA preempted state law unlawful detainer claims, such as the one filed by Plaintiff. Thus, Defendant argues that Plaintiff was required to bring this action as a federal claim under the PFTA. (Notice of Removal, 2:20-23.) Defendant is incorrect.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," not

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 12-1051 AG (PLAx)** | Date | July 5, 2012 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A. v. TONY GUY | | |

by reference to any counter-claims defendants may raise. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff's original case was for unlawful detainer. That does not raise a federal question. *See, e.g., Cooper v. Washington Mut. Bank*, 2003 WL 1563999, at*2 (N.D. Cal. Mar. 19, 2003) (same); *Onewest Bank, FSB v. Fabionar*, 2010 WL 5058394, at *3 (N.D. Cal.Dec.6, 2010) (same); *Partners v. Gonzalez*, 2010 WL 3447678, at * 2–3 (N.D.Cal. Aug.30, 2010) (same).

Courts have repeatedly held that the PFTA does not provide a cause of action, and does not confer federal subject matter jurisdiction. *See, e.g.*, *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, at *4 (N.D. Cal. June 6, 2011) (finding that PFTA did not provide a federal cause of action or confer federal subject matter jurisdiction); *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov.22, 2010) (same); *SD Coastline LP v. Buck*, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *2-3 (S.D. Cal. Nov.19, 2010) (same); *U.S. v. Lopez*, No. 2:10-cv-02438 WBS KJN PS, 2010 WL 523301, at *3 (E.D. Cal. Dec. 16, 2010) (same); *Zalemba v. HSBC Bank, USA, Nat. Ass'n.*, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *1 (S.D. Cal. Oct. 1, 2010) (same); *Nativi v. Deutsche Bank Nat. Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885, at *2-5 (N.D. Cal. May 26, 2010) (same); *Aurora Loan Servs., LLC v. Martinez,* No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (same). Thus, the Court does not have subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331.

In closing, the Court reminds Defendant that "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases raises the concerns stated in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 12-1051 AG (PLAx)** | Date | July 5, 2012 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A. v. TONY GUY | | |

[was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

**DISPOSITION**

Defendant fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

: 0

Initials of Preparer    lmb